**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARCUS CONAWAY** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Civil No.  06-1193** |
| **DET. KEITH GLADSTONE and** | * | |
| **DET. WILLIAM BEARDE** | * | |
| **Defendants** | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**DEFENDANTS' PRE-TRIAL ORDER SUBMISSIONS**

Defendants, Det. Keith Gladstone and Det. William Bearde ("Defendants"), by their undersigned counsel, hereby submit for inclusion in the parties' proposed Pre-trial Order, the following matters:

**A.      Plaintiff's Statement of Facts and Legal Theories**

Plaintiff has not provided a written statement of facts and legal theory to the Defendants in support of his claim.

**B.      Defendants' Statement of Facts and Legal Theories**

**1.      Defendants intend to prove the following facts:**

On September 10, 2003, Det. William Bearde, Keith Gladstone and Officer Dave Smith were on duty as Baltimore City police officers in the 3200 block of West Belvedere Avenue when they observed Michael Williams driving a vehicle without his seatbelt.  Defendants and Officer Smith stopped Mr. Williams' vehicle. Plaintiff was seated in the front passenger seat and Plaintiff's cousin, Roy Conaway, Jr. was seated in the back seat.  Mr. Williams was ordered out of the

vehicle.  Mr. Williams was arrested because he did not have a driver's license.

Defendants ordered Plaintiff and Roy Conaway to keep their hands visible.

Plaintiff and Roy Conaway were observed suspiciously moving their hands inside

the vehicle.  Roy Conaway was seen placing a magazine over his hands and

suspiciously moving his hands under a magazine.  Roy Conaway was ordered to

exit the vehicle due to his suspicious behavior.  Roy Conaway was frisked and

was found to have possession of suspected marijuana.  Roy Conaway was

arrested and seated next to Mr. Williams on the curb.  Defendants approached

the Plaintiff.  Defendants ordered Plaintiff to exit the vehicle due to Plaintiff's

suspicious behavior.  When Plaintiff exited the vehicle, Plaintiff pushed

Defendant Bearde and began to run from the scene.  Defendants Bearde and

Gladstone chased Plaintiff.  Defendant Bearde grabbed Plaintiff.  Plaintiff then

struck Defendant Bearde several times with his fist.  Defendant Gladstone

grabbed his baton.  Plaintiff then withdrew a handgun from his person.

Defendant Gladstone struck Plaintiff multiple times with his baton, first in the

head and then on the arms and hand, until Plaintiff dropped the handgun.

Plaintiff fell to the ground and attempted to break free from the Defendants and

tried to retrieve the handgun.  Defendant Gladstone struck Plaintiff several more

times with his baton until Plaintiff dropped his gun.  Plaintiff was finally subdued

after a struggle.  Defendant Gladstone recovered Plaintiff's handgun which was

submitted to Baltimore Police Department for examination.  Plaintiff was

transported to Sinai Hospital for medical treatment where he received treatment

for a laceration to his head and a fractured nose.  Plaintiff was then transported

to Central Booking and Intake Facility. Plaintiff's handgun was test-fired and was found to be operable. At trial, Plaintiff pled guilty to wearing, carrying and transporting a handgun at the time of this incident.

      **2.**     **Defendants intend to rely upon the following legal theories**

Defendants intend to defend Plaintiff's action based upon the following theories:

      a.     Defendants, at all times, acted in an objectively reasonable manner under the circumstances with which they were faced, and in accordance with all applicable laws then in force and effect. <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 109 S. Ct. 1865 (1989).

      b.     Defendants had probable cause to arrest Plaintiff, without a warrant, on September 10, 2003 for wearing, carrying and transporting a handgun under Annotated code of Maryland, Criminal Law Article §4-203.

**C.**     **Statements as to counterclaims, cross claims or third party claims.**

    1.     None

**D.**     **Amendment required of Pleadings**

    1.     None

**E.**     **Issues to be abandoned in pleadings.**

    1.     None at this time.

**F.**     <u>**Stipulation of Fact Requested**</u>

1.     Defendants had probable cause to arrest Plaintiff, without a warrant, on September 10, 2003 for wearing, carrying and transporting a handgun.

2.     Defendants, at all times, acted in an objectively reasonable manner under the circumstances with which they were faced.

**G.**     <u>**DETAILS OF DAMAGES CLAIMED OR RELIEF SOUGHT**</u>

1.     Plaintiff has claimed a contusion to his head and a fracture of his nose.

**H.**     <u>**DEFENDANTS' EXHIBITS**</u>

The following is a list of Defendants' Exhibits, subject to revision:

1.     All documents that may be identified by Plaintiff;

2.     Defendant Bearde's Statement of Probable Cause;

3.     Defendant Bearde's Statement of Charges;

4.     Defendant Bearde's Incident Report;

5.     Plaintiff's True Test Conviction for wearing, carrying and transporting a handgun;

6.     Handgun Operability Report;

7.     Videotape of Plaintiff's Guilty Plea;

8.     Group of documents from Baltimore Police Department; and

9.     Expert Report written by Charles Joe Key.

Plaintiff may also use certain demonstrative exhibits attendant to the above. There has been no agreement among the parties as to which documents may be offered into evidence without the usual authentication.

## I. FACT WITNESSES

Defendants expect to call the following fact witnesses at trial:

1.  Det. William Bearde

2.  Det. Keith Gladstone

3.  Officer Dave Smith

4.  Crime Lab Tech. Terri Labbie

5.  Officer Paul Kidd

6.  Officer William Hoover

7.  Officer Peter Georgideas

8.  Officer Morris Aguilar

9.  Officer Rachelle Sweet

10.  Officer Alexi Correa

11.  Officer Calvin Stanley

12.  Officer David McGowan

Defendants may call one or more of the additional persons identified by Plaintiff.

## J. DEFENDANTS' EXPERTS

Defendants expect to call the following experts at trial:

1.  Charles Joe Key

    Mr. Key is an expert in the area of police conduct, police procedures, standards and training, and use of force.

2.  Firearms Examiner James Wagster

    Mr. Wagster is an expert in the area of firearms examination, identification, operability, and comparability as well as the

examination, identification, test-firing and comparability of bullets or

cartridges.

3.	Firearms Examiner Mark Takacs

Mr. Takacs is an expert in the area of firearms examination,

identification, operability, and comparability as well as the

examination, identification, test-firing and comparability of bullets or

cartridges.

**K.	DEFENDANTS' DEPOSITION DESIGNATIONS**

1.	Deposition of Det. Keith Gladstone

Entirety of deposition with exception of p. 9, Line 8 to p. 10, Line 2;

p. 20, Line7 to p. 25, Line 16, and p. 26, Line 1 to Line 4

2.	Deposition of Det. William Bearde

Entirety of deposition with the exception of p. 9, Line 9 to Line 12;

p.15, Line 16 to p.16, Line 4; p. 16, Line 13 to Line 21; p.49, Line

14 to p. 50, Line 14.

**L.	OTHER PRETRIAL RELIEF**

None.

_____
James H. Fields
Joseph E. Spicer
Jones & Associates, P.C.
Harborplace Tower, Suite 2700
111 South Calvert Street
Baltimore, Maryland  21202
(410) 385-5240

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May, 2007, a copy of the foregoing Defendants' Pre-Trial Order Submission was sent by electronic mail, to Randall Craig, Esquire, Craig & Henderson, LLC, 19 East Fayette Street, Suite 401, Baltimore, Maryland 21202.

_____

Joseph E. Spicer